951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DELTA GAS CORPORATION, C. Lester Paul and Margaret S. Paul,
Plaintiffs-Appellants,
v.
Louis PACK; Otto Pack; Emma Hager, individually and as
attorney-in-fact for Harold Borders; Phyllis Borders;
Goldie Johnson; Ruby Johnson; Aubrey Johnson; Monroe
Hall; Anna Hall; Harvey Hall; Irene Hall; Price Hager;
Billie Combs; Charles Combs; Clara Hall Hackney; Ollie
Hall; Herman Moore; Delores Moore; Fred V. Hayes; and
Janie Lee Hayes, Defendants-Appellees.
 No. 90-6485.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 RALPH B. GUY, JR., Circuit Judge.
 
 
 1
 Plaintiffs, Delta Gas Corporation, C. Lester Paul, and Margaret S. Paul (collectively referred to herein as "Delta"), commenced this adversary proceeding against the defendants to determine Delta's interests in oil and gas leases entered into between defendants and Delta's predecessor in interest. Delta, the lessee, sought a declaration that the leases were valid, whereas defendants, the lessors, responded that the leases were no longer valid due to lack of production. Defendants Fred V. Hayes and Janie Lee Hayes filed their own motion for summary judgment, and defendants Louise Pack, Otto Pack, Herman Moore, Delores Moore, and Emma Hagar (Pack defendants) filed a separate summary judgment motion.
 
 
 2
 The bankruptcy court awarded summary judgment to all defendants on the basis that the leases had expired according to their own terms due to lack of production. Delta appeals the district court's affirmance of the bankruptcy court's grant of summary judgment, arguing (1) that the bankruptcy court entered summary judgment sua sponte without affording Delta advance notice and a reasonable opportunity to be heard on all issues considered by the bankruptcy court, and (2) that the bankruptcy court erred in finding that there were no material issues of fact.
 
 
 3
 The leaseholds at issue are among the 28 leaseholds referred to in a related case, Delta Gas Corp. v. Thompson, No. 90-6486, which case presents the same issues and involves the same standard printed lease forms ("Producers 88") as the instant case. Because these two cases are indistinguishable in any dispositive sense, we decide the instant appeal in conformity with our decision in Thompson. Accordingly, the district court's decision granting summary judgment to the lessors is affirmed, and we write further only so that we may address some relevant facts at variance with those presented in Thompson.[1]
 
 I.
 
 4
 Delta argues that it was denied the appropriate notice and opportunity to show why summary judgment should not be granted, because defendants' motions for summary judgment did not explicitly rely on the the theory that the bankruptcy court ultimately relied upon in granting summary judgment. We are unable to perceive how Delta could have been surprised by defendants' reliance upon, and the bankruptcy court's subsequent use of, the theory that the leases had automatically expired according to their express terms.
 
 
 5
 The Pack defendants' answer to Delta's complaint stated at paragraph seven that "the leases ... have been terminated by the expiration of the stated term." Delta later asked the Pack defendants in interrogatories to support "your assertion in Paragraph 7 of your Answer that the subject lease 'terminated by the expiration of the stated term.' " The Pack defendants responded, in part, that "there has been no production since the late 1960's and the terms of the lease speak for themselves." Further, in their motion for summary judgment, the Pack defendants enumerated the three legal theories relating to the termination of oil and gas leases as follows:
 
 
 6
 First is by forfeiture for breach of an expressed or implied covenant to develop the lease. Second is by abandonment i.e. the intentional relinquishment of a known right. Third is where a lease expires pursuant to its own terms. After the primary term of the lease has expired, the lease will terminate when production ceases.
 
 
 7
 The motion for summary judgment filed by the Hayeses does not enumerate the three theories for terminating a lease under Kentucky law, nor do the Hayeses explicitly indicate which theory they rely upon. However, the Hayes motion can most appropriately be characterized as presenting "a case where the lease expires pursuant to its own terms" due to the cessation of production. Wheeler and LeMaster Oil & Gas Co. v. Henley, 398 S.W.2d 475, 476 (Ky.1966). The Hayes motion quotes Browning v. Cavanaugh, 300 S.W.2d 580 (Ky.1957), for the proposition that under the "Producers 88" lease, "the Lessee's estate or rights automatically terminate upon the expiration of the specified time [in the primary term] where there has been a failure of the lessee to keep its terms...." Id. at 582. The Hayeses also make the claim that "this lease has expired for both lack of production and nonpayment of delay rental...." (app. 15), and argue that, even assuming that the leases "were not defunct when they were assigned, it is very clear that the plaintiffs let them expire." (App. 16).
 
 
 8
 Finally, Delta's own briefs filed with the bankruptcy court cite cases that were decided on the ground that the lease at issue had expired by its own terms. Vaughn v. Hearrell, 347 S.W.2d 542 (Ky.1961); Wheeler, 398 S.W.2d 475.
 
 II.
 
 9
 We now address Delta's argument that the bankruptcy court erred in finding that there were no material issues of fact. In 1961, the defendants leased the oil and gas on their property to Buehrer Oil and Gas Development (Buehrer) by executing the standard printed forms known as "Producers 88." The Hayes lease was for a primary term of three years, whereas the leases executed by the Pack defendants provided for a primary term of five years. According to the terms of the leases, the primary term could be extended by continued production of oil or gas or operations for drilling. In the early 1960's, Buehrer drilled one producing well on each of the leasehold estates and placed gas production equipment and gas transmission pipelines on the leased properties. Delta became the successors to Buehrer in 1979 and, following a dispute with the assignors, took possession of the leaseholds in 1980.
 
 
 10
 With respect to the Pack leases, the Pack defendants assert that the last royalty check received by any lessor was received in 1967 and that no production of gas or operations for drilling has occurred on their property since 1967. Delta does not dispute this assertion. Since acquiring the Pack leaseholds in 1980, Delta has not resumed production although they have made efforts to repair and survey the gas transmission pipeline.
 
 
 11
 Except for the contractual dispute between Delta and its buyer, Columbia, as set forth in Thompson, Delta offers only one additional explanation for its failure to resume production on the Pack leaseholds. Delta claims that the Pack defendants, in March 1982, re-leased the subject properties to a third party, in violation of the lease between Delta and the Pack defendants. Delta also asserts that it attempted, in June 1982, to enter the property owned by the Pack defendants in order to bring those leaseholds into production, but that the Pack defendants physically prohibited Delta from entry. The Pack defendants deny that they ever denied Delta access to the property. Even assuming that Delta's contention is true, the fact remains that no production or operations for drilling occurred between 1967 and 1982 (15 years). This fact alone is sufficient to find that the leases expired pursuant to their own terms due to the cessation of production development.
 
 
 12
 As for the Hayes lease, the Hayeses contend that Delta's predecessors in interest ceased both the production of gas and the payment of royalties in 1974. Delta admits that there has been no delay rental or production royalty paid, no oil or gas produced, and no oil or gas wells drilled since Delta acquired their interest in the Hayes leasehold in 1979. Delta's contractual dispute with Columbia and the need for an order from FERC are the only reasons provided for the lack of production on the Hayes leasehold. The cessation of production and lack of development on the Hayes leasehold between 1979 and the 1988 filing of Delta's adversary proceeding (nine years) are unreasonable in light of the circumstances and support the finding that no material issues of fact existed on the question whether the lease expired pursuant to its own terms.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The reader is directed to Delta Gas Corp. v. Thompson, No. 90-6486, for a more complete treatment of the factual and legal issues presented by this case. Insofar as the facts in this case vary in any relevant sense from the facts presented in Thompson, the differences serve to weaken Delta's arguments on appeal in two important respects. In the instant case, the lessors, more clearly than in Thompson, relied upon the legal theory that the leases expired according to their own terms. Thus, Delta's claim, that it was without notice and a reasonable opportunity to respond to the ground relied upon by the bankruptcy court for granting summary judgment, is without merit. Second, the period of time that the leaseholds have been in nonproduction is much greater than in Thompson, and is sufficient to support the judgment that the leases at issue had expired according to their own terms as a matter of law